1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. MEMO VERA, | Case No.  1:23-cv-01057-SKO (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MELINDA REED, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| Respondent. | [TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  After conducting a preliminary review of the petition, the Court finds it fails to state a cognizable claim; and to the extent it challenges his conviction, it is successive.  The Court will recommend it be **DISMISSED**.

## DISCUSSION

### I.    Preliminary Review of Petition

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it

1

1    appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson,

2    440 F.2d 13, 14 (9th Cir. 1971).

3    II.       Failure to State a Claim

4         A habeas corpus petition is the correct method for a prisoner to challenge the "legality or

5    duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser

6    v. Rodriguez, 411 U.S. 475, 485 (1973)).  In contrast, a civil rights action pursuant to 42 U.S.C.

7    § 1983 is the proper method for a prisoner to challenge the conditions of confinement.

8    McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499.  Petitioner

9    complains that correctional officers have wrongfully seized his legal property.   Petitioner is

10   challenging conditions of his confinement.  Such claims are not cognizable in a federal habeas

11   action and must be dismissed.  Petitioner must seek relief for his complaints by way of a civil

12   rights action.

13        In Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016), the Ninth Circuit held that a

14   district court has the discretion to construe a habeas petition as a civil rights action under § 1983.

15   However, recharacterization is appropriate only if it is "amenable to conversion on its face,

16   meaning that it names the correct defendants and seeks the correct relief," and only after the

17   petitioner is warned of the consequences of conversion and is provided an opportunity to

18   withdraw or amend the petition.  Id.  Here, the Court does not find recharacterization to be

19   appropriate. Petitioner does not name the proper defendants and the claims are not amenable to

20   conversion on their face.   Accordingly, the Court should not exercise its discretion to

21   recharacterize the action.

22        Therefore, the Court will recommend that the action be dismissed and the Clerk of Court be

23   directed to send Petitioner a blank civil rights complaint.

24   III.      Successive Petition

25        A federal court must dismiss a second or successive petition that raises the same grounds

26   as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive

27   petition raising a new ground unless the petitioner can show that 1) the claim rests on a new,

28   retroactive, constitutional right or 2) the factual basis of the claim was not previously

1  discoverable through due diligence, and these new facts establish by clear and convincing

2  evidence that but for the constitutional error, no reasonable factfinder would have found the

3  applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).  However, it is not the

4  district court that decides whether a second or successive petition meets these requirements.

5        Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by

6  this section is filed in the district court, the applicant shall move in the appropriate court of

7  appeals for an order authorizing the district court to consider the application."  In other words,

8  Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive

9  petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must

10 dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave

11 to file the petition because a district court lacks subject-matter jurisdiction over a second or

12 successive petition. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d

13 1270, 1274 (9th Cir. 2001).

14       To the extent Petitioner seeks to challenge his 1997 conviction, his petition is successive.

15 Petitioner previously sought federal habeas relief in this Court with respect to his 1997

16 conviction in Vera v. Ryan, Case No. 1:04-cv-06349-OWW-TAG.  The petition was dismissed

17 as untimely.  A "dismissal of a first habeas petition for untimeliness presents a 'permanent and

18 incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions

19 "second or successive". McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Thus, the instant

20 petition is "second or successive" under 28 U.S.C. § 2244(b).  Petitioner makes no showing that

21 he has obtained prior leave from the Ninth Circuit to file his successive petition. Therefore, this

22 Court has no jurisdiction to consider any renewed application for relief under 28 U.S.C. § 2254

23 and must dismiss the petition. See Burton, 549 U.S. at 157.

### ORDER

25       Accordingly, the Clerk of Court is DIRECTED to assign a District Judge to this case.

### RECOMMENDATION

27       For the foregoing reasons, the Court HEREBY RECOMMENDS that the petition be

28 dismissed and the Clerk of Court be directed to send Petitioner blank forms for filing a civil

rights action.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 20, 2023**                          /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE